edmUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 06-20465

v.                                                Honorable Nancy G. Edmunds

FRANK CHRISTOPHER, D-54,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [3120]**

In June of 2011, Defendant Frank Christopher was found guilty of conspiring with others to possess and distribute cocaine, in violation of 21 U.S.C. § 846. (ECF No. 2052.) The following October, this Court sentenced Defendant to a 120-month term of imprisonment to be followed by five years of supervised release. (ECF No. 2233.) Defendant was released from prison and began his term of supervised release approximately one-and-a-half years ago. He now moves for early termination of supervised release. (ECF No. 3120.) He provides no basis for his motion besides stating that he has been on supervised release since July 10, 2020. (*Id.*)

The Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Additional factors to consider are the sentencing factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), though the Court need not "recite any 'magic words' explaining whether and how" it weighed those

factors or considered relevant policy statements. 18 U.S.C. § 3583(e); *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances —such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). But, "[s]imple compliance with the conditions of supervised release are [sic] expected and not exceptional . . . ." *United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010); *see also United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (noting that even though the defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, it if it were, the exception would swallow the rule").

Here, the Court finds the present circumstances do not warrant early termination of Defendant's supervised release. Supervised release serves an important role toward rehabilitating persons discharged from prison and assisting their reintegration into society. *See United States v. Neal*, 810 F.3d 512, 519 (7th Cir. 2016); *United States v. Johnson,* 529 U.S. 53, 59 (2000); *United States v. Sullivan,* 504 F.3d 969, 972 (9th Cir.2007); *United States v. Armendariz,* 451 F.3d 352, 361 (5th Cir.2006). This Court sentenced Defendant to a 60-month term of supervised release, a term that remains appropriate today.

Accordingly, and in consideration of the relevant sentencing factors, Defendant's motion for early termination of supervised release is **DENIED**.

    **SO ORDERED**.

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated: February 6, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 6, 2022, by electronic and/or ordinary mail.

                                                    s/Lisa Bartlett
                                                    Case Manager